STATE OF MAINE                                      SUPERIOR COURT
KENNEBEC, ss.                                       CIVIL ACTION
                                                    Docket No. AP-07-64 /
                                                        5/15/  )√

SHIRLEYANN RATAJCZAK-
LEAMAN,

            Petitioner

v.                                                  DECISION AND ORDER

MAINE PUBLIC EMPLOYEES
RETIREMENT SYSTEM (formerly
MAINE STATE RETIREMENT
SYSTEM),

DONALD L. GARBRECHT
LAW LIBRARY

JUN 04 2008

            Respondent

            Pursuant to M.R. Civ. P. 80C, the petitioner seeks judicial review of the

respondent's denial of her disability benefits. After a hearing on February 15, 2007 and

review of medical evidence, including the report of the Medical Board, the respondent

determined that the petitioner failed to carry her burden of proving that as of the last

day of her employment, she suffered from obsessive compulsive disorder, traits of

obsessive compulsive disorder, attention deficit hyperactivity disorder, depressive

disorder NOS, and/or panic disorder with agoraphopia that were diagnosable

conditions. See 5 M.R.S.A. §§ 17921(1)(A), (1)(B), & (2); (R. at 29.1.)

            The petitioner relies on the opinions of Dr. Dana Sattin and Dr. Carlyle Voss (R.

1.38-1.45.; 12.101-12.126.) The respondent's decision, however, was based significantly

upon the Medical Board's determination that it was "unconvinced that the member's

problems represent five or six psychiatric diagnoses, or that any diagnosis has been

responsible for member's difficulties performing satisfactorily on the job." (R. 12.132.)

The petitioner argues that the respondent committed legal error by giving presumptive weight to the opinion of the Medical Board. Pet.'s Mem. at 7. In particular, the petitioner argues that the following statement of the hearing officer was adopted inappropriately by the respondent in affirming the hearing officer's report:

> Because the Hearing Officer is charged by the M.S.R.S rules to "refer or re-refer to the Medical Board any matters involving medical evidence, questions or issues," the Medical Board's opinion should be given great weight by the Hearing Officer and Board of Trustees.

Id.; (R. 26.10.)

The Medical Board is created by statute. 5 M.R.S.A. § 17106(1). The respondent's Board of Trustees must "designate a medical board or boards each to be composed of 3 physicians not eligible to participate in the retirement system." Id. Among the powers and duties, section 17106 provides:

> [t]he medical board or other physician designated by the board shall, at the request of the executive director, review the file of an applicant for disability retirement and as requested shall respond on any or all of the following...D. Inform the executive director and board in writing of its view as to the existence of a disability entitling an applicant to benefits...

5 M.R.S.A. § 17106(3)(D).

The petitioner is correct that the statute does not provide presumptive status to the conclusions of the Medical Board. The respondent's decision does not, however, reflect that presumptive status was given to the opinion of the Medical Board. The respondent considered the opinions of Dr. Voss and Dr. Sattin and the Medical Board and determined that Dr. Voss and Dr. Sattin's opinions were "based on [petitioner's] self reporting of her behaviors and her problems, as are most psychiatric opinions. Because of that, the doctors' bases for their opinions are limited to the information provided by the patient." (R. at 29.9.) The respondent accepted the opinion of the Medical Board that although the petitioner is not necessarily capable of performing her

2

work duties, "she does not have any diagnosable conditions. Without the identification of a specific condition causing disability, there would be no way to apply the System's statutes referencing disability." Id.

The petitioner must prove that "no competent evidence" supports the agency's decision. Seider v. Board of Examiners of Psychologists, 2000 ME 206, ¶ 9, 762 A.2d 551, 555. "Inconsistent evidence will not render an agency decision unsupported." Id. This record contains competent and substantial evidence to support the respondent's decision. Id.

The entry is

The Respondent's Decision is AFFIRMED.

Date: May 15, 2008

Nancy Mills
Justice, Superior Court

3

Date Filed __10/10/07__      __Kennebec__      Docket No. __AP07-64__

                   County

Action _____ __Petition for Review__ _____

            80C

# J. Mills

| | |
|---|---|
| __Shirleyann Ratajczak-Leaman__ vs. __Maine State Retirement Systems__ | |
| Plaintiff's Attorney | Defendant's Attorney |
| David H. Simonds, Esq.<br>15 Columbia Street<br>Bangor, Maine 04401 | Christopher L. Mann, AAG<br>6 State House Station<br>Augusta Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 10/10/07 | Petition for Review, filed. s/Simonds, Esq. |
| 10/11/07 | Letter entering appearance, filed. s/Mann, AAG |
| 11/2/07 | Certified copy of record, filed. s/Danette Larochelle **(in vault)** |
| 12/13/07 | Notice and Briefing Schedule mailed to attorneys on 11/16/07. |
| 12/18/07 | Brief of Petitioner, filed. s/Simonds, Esq. (12/12/07) |
| 1/10/08 | Respondent's Brief, filed. s/Mann, AAG |
| 1/30/08 | Petitioner Response to Respondent Brief, filed. s/Simonds, Esq. |
| 3/18/08 | Letter and copy of Decision And Order (Joan K. Steele v. Maine State Retirement System, Somerset CV-07-110). s/Simonds, Esq. |
| 5/19/08 | DECISION AND ORDER, Mills, J. (5/15/08)<br>The Respondent's Decision is AFFIRMED.<br>Copy mailed to attorneys of record and repositories. |